IDA M. COBB, Plaintiff, *v.* H. EUGENE WELCHER et al., Defendants.

*Negligence* — 1890, *chapter* 398 — *the proprietor of a factory not an insurer of his employees* — *extraordinary accident.*

Chapter 398 of the Laws of 1890 does not make the proprietor of a factory an insurer of the safety of his employees, nor does it require him to guard against extraordinary accidents which a careful and prudent man could not foresee or anticipate as liable to occur. His duty is fully performed when he furnishes a cover or guard for machinery sufficient to protect his employees against accidents which may reasonably be apprehended as likely to occur.

MOTION by the plaintiff, Ida M. Cobb, for a new trial on a case containing exceptions ordered to be heard at the General Term in the first instance, after a judgment of nonsuit rendered at the Monroe County Circuit on the 14th day of February, 1893.

*Walter S. Hubbell,* for the plaintiff.

*Myron T. Bly,* for the defendants.

HAIGHT, J.:

This action was brought to recover damages resulting from a personal injury. The defendants were operating a factory in the city of Rochester. There was a long table extending through the factory, upon which sewing machines were placed. The table was two feet six inches high. Underneath the table, at the center thereof, was a line of shafting extending the length of the table, twenty inches above the floor, one end of which projected about three and three-quarter inches beyond the table. The sewing machines were operated by means of belts around the shafting. At the end of the table where the shaft projected, a box was con-

structed, three inches wide and three and three-quarter inches deep, with a cover on the upper end. The box was toe-nailed to the floor and to the top of the table so as to inclose the projecting end of the shaft.

The plaintiff had been previously in the employ of the defendants for some time as forewoman, but at her own request had been given a machine to operate at the table. Her machine was next to the end of the table. On the day in question she had loosened her hair in consequence of a headache; when she was about to leave the factory she stepped to the end of the table and allowed her hair to fall loose, straightened it out, and then bent over, took her hair in her hand, threw it around over her head, in the act of coiling it, and as she did so it flew around underneath the table, back of the box covering the shaft, was caught by the shaft and wound around it, tearing the scalp from her head.

It is claimed that she is entitled to recover upon the ground that the defendants were chargeable with negligence in not having properly guarded the shafting at the end of the table, under the Laws of 1890 (Chap. 398, § 12), which provide that "all vats, pans, saws, planers, cogs, gearing and machinery of every description therein shall be properly guarded." This statute, and the duty of factory owners thereunder, has been considered and discussed by us in the case of *Knisley* v. *Pratt*,[*] and we shall not attempt to repeat here what we have said in that case. The box was in position over the end of the shaft at the time the accident occurred, and we think it satisfactorily appears that it was nailed to the table. The question is, therefore, whether it was a compliance with the statute. It was surely a covering to the shafting sufficient to prevent the clothing of the employees from coming in contact therewith. We do not understand the statute to make the factory man an insurer of the safety of his employees, or that it requires him to guard against extraordinary accidents which careful and prudent men could not foresee or anticipate as liable to occur. As we understand it, his duty is fully performed when he furnishes a cover, or guard, sufficient to protect against accidents which may be reasonably apprehended or liable to occur. (*Stringham* v. *Hilton*, 111 N. Y. 188; *Pauley* v. *Steam Gauge & L. Co.*, 131 id. 90.)

---

[*] Rep. *post*, 323.

We regard the accident to the plaintiff as extraordinary, and one that could not well have been foreseen or anticipated.

It follows that the motion for a new trial should be denied and judgment ordered for the defendants upon the nonsuit.

DWIGHT, P. J., and LEWIS, J., concurred; BRADLEY, J., not sitting.

Plaintiff's motion for a new trial denied and judgment ordered for the defendants upon the nonsuit.