(10 App. Div. 487.)

### EKENDAHL v. HAYES.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

MASTER AND SERVANT—PERSONAL INJURIES—WHERE CONTRIBUTORY NEGLI-
GENCE IS A QUESTION OF LAW.
    It is contributory negligence for a boy 16 years old to try to squeeze through a space 16 inches wide, between a guard post and cogwheels which he knew were revolving, where there was a passageway on the other side of the post, to a machine where he was directed to go.

Appeal from trial term, Kings county.

Action by William A. Ekendahl, an infant, by his guardian ad litem, against George Hayes, for personal injuries. From a judgment dismissing plaintiff's complaint on the merits, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

J. Edward Swanstrom, for appellant.
Thomas S. Moore and Herbert C. Smyth, for respondent.

HATCH, J. The plaintiff was injured by having his hand caught in the cogs of wheels attached to a machine for corrugating iron. He was 16 years of age, and of sufficient ability to understand and appreciate the dangers in the operation of the machine, which were apparent to ordinary observation. He had been employed about defendant's factory for a year and four months prior to the accident, as a helper and assistant to the men sent outside of the factory; and for the most part his employment did not bring him in contact with the machines, although he had seen them, and had

passed by this machine, and worked some on other machines in the factory. Upon the day of the injury, he was sent by the superintendent of the factory to assist about the removal of iron from the rear of the corrugating machine, and was placed under the control and direction of the engineer who operated it. The machine was operated by steam power, and was made up of fluted iron rollers, 10 feet 2 inches long, which matched together, and were turned by cogwheels attached to a shaft on either end of the machine. On the side of the machine where the injury was received, the large cogwheel was $42\frac{1}{2}$ inches in diameter; and the small one, into which the larger one matched, was $6\frac{1}{2}$ inches in diameter. The wheels revolved upward, and nothing could be drawn therein except it started from the underside. The small wheel was 2 feet and 8 or 9 inches from the floor. There was no covering over the wheels, and this part of the machine was not protected except by a post which stood as a guard. The evidence was somewhat conflicting as to just where the post stood with reference to the cogwheels, plaintiff's witnesses claiming that it stood to one side of the wheels, and defendant's that it was directly in front. How far it was removed from the wheels was also a question in dispute, plaintiff's testimony tending to show it was removed 16 inches from the wheel, and defendant's that it was only removed $11\frac{1}{2}$ inches. The deputy factory inspector had inspected this machine and its protection, had reported that it was fairly well guarded, and testified as a witness upon the trial to the same effect, and, also, that he regarded the wheels as sufficiently well guarded by the post to make it safe. The work required of plaintiff about this machine was to take away the sheets of iron as they came from the rollers at its rear. For protection to his hands in handling the iron, he wore a piece of canvass, with a slit through which his hand passed; the slit fastened at the wrist, and the canvass lay flat upon the hand. He worked, taking the sheets of iron away, for about 10 minutes, when the engineer ceased passing the sheets through, stopped the rollers, but not the wheels, and left the machine, to go to the boiler room. Before leaving, he directed plaintiff to clean up the machine until he came back, and that he would find a piece of waste for that purpose upon the other side of the machine. Plaintiff started to go to the other side of the machine, passed between the post and the wheels, when the canvass upon the left hand caught in the cogs of the wheels, drawing his hand in, inflicting the injury. The complaint was dismissed at the close of the evidence, upon the ground that negligence of the defendant was not established, and that the cause of the injury was from an obvious danger, of which plaintiff took the risk.

The defendant is not without the support of authority to show that he complied with the statute requiring him to guard this machine. Pauley v. Lantern Co., 131 N. Y. 90, 29 N. E. 999; Cobb v. Welcher, 75 Hun, 283, 26 N. Y. Supp. 1068. The wheels needed no guard for the top, as the direction in which they revolved would not draw anything therein if it were placed directly upon the top of the cogs. In order to get anything into the wheels, it must en-

ter from below. The post stood in such close proximity to the wheel as to satisfy the factory inspector that it was sufficient as a guard; and as one must get below to get in at all, and between the post and the wheel, much force is left for the conclusion that the danger of being caught was not such as would be within reasonable apprehension. But however this may be, we place our decision upon another ground. Plaintiff knew, for he so testifies, that, while the rollers were stopped, the cogwheels were revolving. The law charged him with notice that if he placed his hand upon the cogs, so that it would be drawn in, injury would result. Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286. Had he passed around the machine in the prosecution of the work he was directed to do, without anything to attract his attention to the wheels, or guard of any kind to prevent contact with them, and had thoughtlessly brought his hand in contact with them, it might well be that he could shelter himself from the consequences of such an act, by the assumption that the place to which he was sent was safe and free from danger, that he was not aware of any danger, and had received no instructions to enable him to guard against it. This is the case to which the appellant invites our attention; but it is not the case proved upon the trial. The space between the post and the wheels did not exceed 16 inches, in the most favorable view for plaintiff of which the case permits. We have but to measure that distance to see that, in the passage of the body in this space, one is brought almost directly in contact with the wheels. The most casual observation would indicate that such space could not be meant for ordinary passage, and, when plaintiff adopted this passage, he took upon himself whatever of risk there was in the situation. The direction of the engineer was to "go around on the other side of the machine, and you will find a piece of waste." This direction was to go to the front of the machine, as plaintiff then stood at its rear. In following it, there was no necessity to squeeze between the post and the machine. To go around to the other side of the machine was not dangerous if he passed outside the post. The most casual observation would disclose the danger of the passage through the confined space which defendant adopted. Such act constituted negligence upon the part of the plaintiff, for which failure to instruct and infancy are no shelter. Ogley v. Miles, 139 N. Y. 458, 34 N. E. 1059.

The judgment should be affirmed, with costs. All concur.