### DWYER v. HILLS BROS. CO.

(Supreme Court, Appellate Division, Second Department. January 16, 1903.)

1. NEGLIGENCE—PERSONAL INJURIES—CATCHING FOOT IN DOOR MAT—LIABILITY.
   Plaintiff, as he was leaving defendant's store, caught his foot in a door mat, and fell, and sustained injury. There was no evidence that any one had ever caught his foot in the mat before, though it had been in the same place for several years. Held, that the defendant was not liable.

Appeal from trial term, Richmond county.

Action by Michael Dwyer against the Hills Bros. Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

C. N. Bovee, Jr., for appellant.
Bertram L. Kraus, for respondent.

WOODWARD, J. The plaintiff brings this action to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant in placing a defective mat in front of its store door, to be used in removing the mud and filth incident to a wholesale fruit establishment from the feet of persons entering the place. The plaintiff visited the store for the purpose of inquiring for work. He met one of the defendant's agents or servants at the door, and talked with him about employment, and while thus engaged in conversation the plaintiff stood upon the mat in question. Having completed his talk, he turned to leave the place, and, as he did so, the heel of his boot, it is alleged, caught in the defective mat, and he fell, sustaining serious injury to his hip. The facts and circumstances permit the inference that the plaintiff was exercising that reasonable degree of care which the law requires, and there is no doubt that he has been seriously injured, but we are unable to discover in the evidence facts which would warrant a recovery on the part of the plaintiff. The rule has often been laid

down that a carrier of passengers is not bound to foresee and provide against casualties never before known, and not reasonably to be expected; and that his duty is not to be estimated by what, after an accident, then first appears to be a proper precaution against a recurrence of it. McGrell v. Building Co., 153 N. Y. 265, 269, 270, 47 N. E. 305, and authorities cited. This rule is not confined to common carriers, but may properly be applied to the law of negligence in general. Cobb v. Welcher, 75 Hun, 283, 285, 26 N. Y. Supp. 1068. In Lafflin v. Railroad Co., 106 N. Y. 136, 141, 12 N. E. 599, 60 Am. Rep. 433, the court say:

"No structure is ever so made that it may not be made safer. But, as a general rule, when an appliance or machine or structure, not obviously dangerous, has been in daily use for years, and has uniformly proved adequate, safe, and convenient, its use may be continued without the imputation of culpable imprudence or carelessness."

It is claimed in the case at bar, of course, that the negligence consisted, not in the mat itself, but in the fact that it was defective; that some of the iron or steel bars of which it was made were depressed below the common level of the mat in such a manner that it caught the plaintiff's boot heel, and held it, so that he was thrown down. But this defect, which appears in the mat displayed before this court upon the argument, is so slight, if observable at all, that we are of the opinion that it was not reasonable to expect that the defendant, or its agents or servants, in the exercise of reasonable care, would or should have discovered that it was likely to produce the accident which has resulted to the plaintiff, or that it was in any degree a menace to the safety of persons coming into the defendant's store. There was no evidence in the case that any one had ever caught his foot in it before, although it appeared that the mat had been before the door, during business hours, for a number of years; and, while the plaintiff claims to have noticed the defect in the mat on a previous occasion, it does not appear that he thought it dangerous, or that he called attention to the defect. While we cannot agree with the contention that the defendant owed the plaintiff no duty because he came upon the premises for his own purposes, we are of opinion that this duty extended only to the exercise of that reasonable degree of care which the circumstances were intended to suggest to persons of reasonable prudence and caution. The owner of premises occupied for business purposes is only required to use reasonable care and prudence for keeping the property in such condition that those who go there shall not unnecessarily be exposed to danger (Horton v. Iron Works Co., 13 App. Div. 508, 513, 43 N. Y. Supp. 699), and it is clearly not within the scope of this duty to provide against the possibility of an accident such as the plaintiff proved upon the trial. In Cobb v. Welcher, 75 Hun, 283, 26 N. Y. Supp. 1068, where the plaintiff's hair had been caught in a revolving shaft, tearing her scalp off, the court had under consideration the provisions of chapter 398 of the Laws of 1890, requiring the guarding of machinery, and it was said:

"As we understand it, his [the master's] duty is fully performed when he furnishes a cover or guard sufficient to protect against accidents which may

be reasonably apprehended or liable to occur. We regard the accident to the plaintiff as extraordinary, and one that could not well have been foreseen or anticipated."

Stringham v. Hilton, 111 N. Y. 188, 18 N. E. 870, 1 L. R. A. 483; Pauley v. Lantern Co., 131 N. Y. 90, 29 N. E. 999, 15 L. R. A. 194; Ayers v. Railway Co., 156 N. Y. 104, 108, 109, 50 N. E. 960, and authorities there cited; Glens Falls Portland Cement Co. v. Travelers' Ins. Co., 162 N. Y. 399, 404, 56 N. E. 897.

In the last-cited case it is said:

"Human foresight is limited, and masters are not called upon to guard against every possible danger. They are required only to guard against such dangers as would occur to a reasonably prudent man as liable to happen."

This we conceive to have been the rule of liability of the defendant in the case at bar, and the mere fact that an accident happened to the plaintiff does not impose a liability upon the defendant. It must be shown that the defect in the mat was such that it would suggest to a reasonably prudent person that it was liable to result in injury to persons passing over it in the exercise of that reasonable degree of care which the law exacts as a condition of recovery. The evidence, and the mat itself, which was before this court, fail to show any such defect as would warrant a jury in reaching the conclusion that the defendant was negligent; and we are forced to conclude that, had the case been tried with less of friction between counsel and the court, the result would have been nearer in accord with justice and the rules of law prevailing in this state. We do not think the condition of the mat was such as to warrant the conclusion that a reasonably prudent person would have thought that it was likely to produce injury to anyone using it. The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.

Judgment and order reversed, and new trial granted; costs to abide the. event. All concur; GOODRICH, P. J., in result.