MICHAEL DWYER, Respondent, *v.* THE HILLS BROTHERS COMPANY, Appellant.

*Negligence — injury from a fall occasioned by a depression in the steel bars of a mat in front of a store — duty of the owner of the store.*

The fact that some of the steel bars, of which the mat in front of a store door is made, are depressed below the common level of the mat in such a manner that a person visiting the store in search of employment is thrown down and injured in consequence of the heel of his boot catching in the mat, will not render the owner of the store liable to the injured person where it appears that the defect in the mat was so slight that it was not reasonable to expect that the owner thereof would or should, in the exercise of reasonable care, have discovered that it was in any degree a menace to the safety of persons entering the store, particularly where it appears that the mat had been in use for a number of years; that no similar accident had happened, and that, although the injured person claimed to have noticed the defect in the mat on a previous occasion, he did not, so far as appeared, think it dangerous or call attention thereto.

The measure of duty incumbent upon the owner of the store with respect to the injured person requires him to exercise that reasonable degree of care which the circumstances would suggest to persons of reasonable prudence and caution.

APPEAL by the defendant, The Hills Brothers Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in

the office of the clerk of the county of Richmond on the 25th day of March, 1902, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 31st day of March, 1902, denying the defendant's motion for a new trial made upon the minutes.

*C. N. Bovee, Jr.*, for the appellant.

*Bertram L. Kraus*, for the respondent.

WOODWARD, J.:

The plaintiff brings this action to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant in placing a defective mat in front of its store door, to be used in removing the mud and filth, incident to a whole-sale fruit establishment, from the feet of persons entering the place. The plaintiff visited the store for the purpose of inquiring for work ; he met one of the defendant's agents or servants at the door and talked with him about employment, and while thus engaged in conversation the plaintiff stood upon the mat in question. Having completed his talk he turned to leave the place, and as he did so the heel of his boot, it is alleged, caught in the defective mat and he fell, sustaining serious injury to his hip. The facts and circumstances permit the inference that the plaintiff was exercising that reasonable degree of care which the law requires, and there is no doubt that he has been seriously injured, but we are unable to discover in the evidence facts which would warrant a recovery on the part of the plaintiff. The rule has often been laid down that a carrier of passengers is not bound to foresee and provide against casualties never before known and not reasonably to be expected, and that his duty is not to be estimated by what, after an accident, then first appears to be a proper precaution against a recurrence of it. (*McGrell* v. *Buffalo Office Building Co.*, 153 N. Y. 265, 269, 270, and authorities cited.) This rule is not confined to common carriers, but may properly be applied to the law of negligence in general. (*Cobb* v. *Welcher*, 75 Hun, 283, 285.) In *Lafflin* v. *Buffalo & Southwestern R. R. Co.* (106 N. Y. 136, 141) the court say : "No structure is ever so made that it may not be made safer. But as a general rule, when an appliance or machine or structure, not

obviously dangerous, has been in daily use for years, and has uniformly proved adequate, safe and convenient, its use may be continued without the imputation of culpable imprudence or carelessness." It is claimed, in the case at bar, of course, that the negligence consisted, not in the mat itself, but in the fact that it was defective; that some of the iron or steel bars of which it was made were depressed below the common level of the mat, in such a manner that it caught the plaintiff's boot-heel and held it so that he was thrown down. But this defect, which appears in the mat displayed before this court upon the argument, is so slight, if observable at all, that we are of the opinion that it was not reasonable to expect that the defendant, or its agents or servants, in the exercise of reasonable care, would or should have discovered that it was likely to produce the accident which has resulted to the plaintiff, or that it was in any degree a menace to the safety of persons coming into the defendant's store. There was no evidence in the case that any one had ever caught his foot in it before, although it appeared that the mat had been before the door, during business hours, for a number of years, and while the plaintiff claims to have noticed the defect in the mat on a previous occasion, it does not appear that he thought it dangerous or that he called attention to the defect. While we cannot agree with the contention that the defendant owed the plaintiff no duty because he came upon the premises for his own purposes, we are of opinion that this duty extended only to the exercise of that reasonable degree of care which the circumstances would suggest to persons of reasonable prudence and caution. The owner of premises occupied for business purposes is only required to use reasonable care and prudence for keeping the property in such condition that those who go there shall not unnecessarily be exposed to danger (*Horton* v. *Vulcan Iron Works Co.*, 13 App. Div. 508, 513), and it is clearly not within the scope of this duty to provide against the possibility of an accident such as the plaintiff proved upon the trial.

In *Cobb* v. *Welcher* (75 Hun, 283), where the plaintiff's hair had been caught in a revolving shaft, tearing her scalp off, the court had under consideration the provisions of chapter 398 of the Laws of 1890 (Amdg. Laws of 1886, chap. 409, § 12), requiring the guarding of machinery, and it was said: "As we understand it,

his (the master's) duty is fully performed when he furnishes a cover or guard sufficient to protect against accidents which may be reasonably apprehended or liable to occur.  *  *  *  We regard the accident to the plaintiff as extraordinary, and one that could not well have been foreseen or anticipated." (*Stringham* v. *Hilton*, 111 N. Y. 188; *Pauley* v. *Steam Gauge & L. Co.*, 131 id. 90; *Ayers* v. *Rochester Railway Co.*, 156 id. 104, 108, 109, and authorities there cited; *Glens Falls P. C. Co.* v. *Travelers' Ins. Co.*, 162 id. 399, 404.) In the last cited case it is said: " Human foresight is limited, and masters are not called upon to guard against every possible danger.  They are required only to guard against such dangers as would occur to a reasonably prudent man as liable to happen."  This we conceive to have been the rule of liability of the defendant in the case at bar, and the mere fact that an accident happened to the plaintiff does not impose a liability upon the defendant; it must be shown that the defect in the mat was such that it would suggest to a reasonably prudent person that it was liable to result in injury to persons passing over it in the exercise of that reasonable degree of care which the law exacts as a condition of recovery.  The evidence, and the mat itself, which was before this court, fail to show any such defect as would warrant a jury in reaching the conclusion that the defendant was negligent, and we are forced to conclude that, had the case been tried with less of friction between counsel and the court, the result would have been nearer in accord with justice and the rules of law prevailing in this State.  We do not think the condition of the mat was such as to warrant the conclusion that a reasonably prudent person would have thought that it was likely to produce injury to any one using it.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

BARTLETT, HIRSCHBERG and JENKS, JJ., concurred; GOODRICH, P. J., concurred in result.

Judgment and order reversed and new trial granted, costs to abide the event.