(128 App. Div. 733.)

## MARTIN v. WALKER & WILLIAMS MFG. CO.

(Supreme Court, Appellate Division, Third Department. November 25, 1908.)

1. MASTER AND SERVANT (§ 90*)—OBLIGATIONS OF MASTER.

    An employer is not bound to anticipate every possible contingency.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 139; Dec. Dig. § 90.*]

2. MASTER AND SERVANT (§ 121*)—INJURY TO SERVANT—NEGLIGENCE.

    An employé slipped in a pool of oil, and in falling thrust his hand into the unguarded rollers of a machine. It was not practicable to guard the more dangerous portion of the machine nearest to the employé, and the purpose of guarding the rollers was to prevent the flying of waste into the room, and not to guard employés against accidents. The machine had been inspected by the state factory inspectors, who had made no criticisms because of the unguarded rollers. *Held*, that the failure to guard the rollers was not actionable negligence.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 229; Dec. Dig. § 121.*]

    Chester and Kellogg, JJ., dissenting.

Appeal from Trial Term, Albany County.

Action by William Martin, an infant, by guardian ad litem, against the Walker & Williams Manufacturing Company. From a judgment for plaintiff, and from an order denying a motion to set aside the verdict for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Countryman, Nellis & Du Bois (Andrew J. Nellis, of counsel), for appellant.

John Scanlon, for respondent.

COCHRANE, J. This action on a former appeal is reported in 122 App. Div. 280, 106 N. Y. Supp. 708. A judgment in favor of plaintiff was reversed on that appeal because plaintiff had been permitted to recover for the negligence of defendant in allowing the rollers of a garnet machine operated by it to remain unguarded or uncovered, which negligence was not alleged in the complaint. Plaintiff was an employé of the defendant, and his duties required him to work around this machine. His contention is that he slipped in a pool of oil on a platform adjacent to the machine, and, in falling, thrust his hand into the rollers, and was thereby injured. After the decision on the former appeal, plaintiff amended his complaint so as to allege negligence of the defendant because of its failure to guard or cover the rollers. At the subsequent trial which we are now reviewing, this was the only ground of defendant's negligence submitted to the jury.

The rollers in which plaintiff was injured were a conspicuous feature of the machine. One of them, known as a "licker-in," was about five feet long, ten inches in diameter, and was elevated a number of feet above the platform on which he slipped. It was this licker-in which it is claimed should have been guarded or protected with a cover.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Evidence was given tending to show that such cover was in use in other places. Although it may have been practicable to cover the licker-in, it conclusively appears that the purpose of such cover was not to guard employés against accidents, but to prevent the flying of waste into the room from the material passing through the rollers. At the ends of the rollers over the platform on which plaintiff fell were cogs, gears, belts, and other machinery. There is no contention that such machinery could have been guarded. It appears that there was a space of 14 inches between the licker-in and the outside of the gear by which it was propelled. Plaintiff's expert witness testified as follows:

"What I meant by a cover is that I mean that there was along the 60 inches of the length of the licker-in and feed rolls a metal construction which prevented the flying of waste, and nothing could go in there, and there is nothing else that I intend by what I spoke of as a cover, * * * and the cover that I speak of was not a cover over the ends of the rolls at all, and nothing to prevent one stumbling from sticking his fingers right in. If they went straight, they would get in."

No accident had ever occurred by reason of an employé getting his hand in these rollers. The machinery had been inspected by the state factory inspectors, and no criticism made because of the absence of covers.

Clearly the most dangerous part of the machinery consisted of the gears and wheels at the ends of the rollers, which could not be guarded. It was only by an unforeseen and unusual occurrence that an employé would thrust his hand past or over the machinery at the ends of the rollers as happened in this instance. An employer is not bound to anticipate every possible contingency. The case is very similar to the case of King v. Reid, 124 App. Div. 121, 108 N. Y. Supp. 615, where it was said:

"The situation was apparent, and, so far as appears, was perfectly safe for any one who did not fall off the platform into the machine. It seems to me that this occurrence was not one that could have been anticipated; nor could a reasonably prudent person have anticipated that a person would fall into this flywheel from the platform, or that it was at all necessary to guard the wheel. It was not an occurrence that was at all likely to happen, so that in the ordinary course of business it was necessary to guard against it. All machinery of this kind is liable to cause injury when unexpected and not to be anticipated events occur; but I think a machine is properly guarded when those employed are protected when using the ordinary methods of operating it."

See, also, Sitts v. Waiontha Knitting Company, 94 App. Div. 38, 87 N. Y. Supp. 911. Cobb v. Welcher, 75 Hun, 283, 26 N. Y. Supp. 1068.

Inasmuch as there is no evidence that it was practicable to guard the more dangerous portion of the machinery which was nearest to the plaintiff, and inasmuch as it does not appear that the less dangerous part thereof which was more remote from him and with which he could not come in contact except by reaching over the nearer and more dangerous part was ever guarded for the purpose of protecting em-

ployés, I think the verdict of the jury based as it is on the failure to guard the machinery was erroneous.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide event. All concur, except CHESTER and KELLOGG, JJ., who dissent.