OSTERMANN v. WARE et al.

(Supreme Court, Appellate Division, First Department. December 10, 1909.)

MASTER AND SERVANT (§ 288*)—INJURY TO SERVANT—ASSUMPTION OF RISK— QUESTION FOR JURY.

 Where an employé used a machine with a saw attached from time to time for 12 years without objecting that the saw was not guarded, as required by Labor Law (Laws 1897, p. 480, c. 415) § 81, as amended by Laws 1906, p. 927, c. 366, whether he waived his right to have the saw guarded, and assumed the risk of injury from using it in its unguarded condition, was a question for the jury.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1070; Dec. Dig. § 288.*]

 Clarke, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Henry Ostermann against Arthur W. Ware and another. From a judgment for plaintiff, and an order for a new trial, defendants appeal. Reversed.

Argued before INGRAHAM, CLARKE, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Edward P. Mowton, for appellants.

Clarence De Witt Rogers, for respondent.

McLAUGHLIN, J. Action to recover damages for personal injuries. Plaintiff was an employé of the defendants. One of the machines at which he worked was a lathe, to which was affixed at times, for the purpose of sawing pieces of timber, a small circular saw. Power to operate the lathe was turned on or shut off by shifting a belt by means of a lever or handle, which, when the power was shut off, came within three or four inches of the saw. On the 13th of February, 1907, the plaintiff had been using the lathe with the saw attached, and as he was in the act of shutting off the power he slipped or "shivered" because of the cold, as he testified, and his right thumb came in contact with the saw and was injured. He brought this action to recover the damages sustained, upon the theory that the defendants were negligent in failing to cover or guard the saw, and also in failing to keep the room in which he was at work properly heated, though the latter claim does not appear to have been insisted upon at the trial. The jury found a verdict in his favor for $1,400, and from a judgment entered thereon, and an order denying a motion for a new trial, this appeal is taken.

It is not claimed that the saw or belt shifter were defective in any way, and there is no evidence that prior to the accident any complaint had ever been made with reference to either of them, or that any person had been injured. The cause of the accident was due to the fact that, just as the plaintiff was pushing the handle towards the saw to shut off the power, his hand slipped, or to use his own words:

"I got a frost, and I shivered, and then my hand slipped off from this handle, lever, or bar, and came directly with my hand under this revolving saw."

This was not such an accident as the defendants were bound to anticipate, and I do not see how lack of reasonable care can be imputed to them because of it. Martin v. Walker & Williams Mfg. Co., 128 App. Div. 733, 113 N. Y. Supp. 78; King v. Reid, 124 App. Div. 121, 108 N. Y. Supp. 615.

It is claimed a prima facie case was made out under section 81 of the labor law (Laws 1897, p. 480, c. 415, as amended by Laws 1906, p. 927, c. 366), which requires that "all vats, pans, saws, * * * shall be properly guarded." But there was no evidence introduced to show that there was any practicable way—taking into consideration the use of the saw—in which it could have been covered or guarded. It was not a permanent fixture, but was merely attached to the lathe as occasion required. Plaintiff himself testified:

"It is not a regular saw. I used chucks on that lathe head, and I put sandpapering wheels and various tools that have to revolve on it, like a drill. Then

I put a circular saw on, a little saw. * * * I had worked on that saw, off and on, for 12 years."

I do not think the labor law absolutely prohibits the use of a saw on such a lathe unless guarded, and if there was any practical way in which it could have been guarded, and not have interfered with the use to which it necessarily had to be put, the evidence fails to disclose it. That being so, and the danger in using the saw without a guard not being such as was reasonably to be expected, the requirement of the labor law mentioned did not apply. Wynkoop v. Ludlow Valve Mfg. Co. (decided by the Court of Appeals in November, 1909, not yet officialy reported) 89 N. E. 827.

The words "properly guarded" mean guarded against accidents which may reasonably be apprehended or liable to occur. Cobb v. Welcher, 75 Hun, 283, 26 N. Y. Supp. 1068. The plaintiff had used a saw on the lathe for some 12 years, as occasion required, without any accident happening, and nothing had suggested itself to him, so far as appears, as requiring a guard for his own protection. The verdict of the jury, therefore, finding the defendants liable, is not, in my opinion, sustained by the evidence.

I am also of the opinion that the judgment should be reversed because the court erred in refusing to charge the following request, made by the defendants' counsel:

"Now I ask your honor to charge that if the jury believes that the plaintiff knew that the saw was unguarded, but that the plaintiff continued to work upon it without complaint, the jury may find that he waived his right to have this particular piece of machinery guarded."

Whatever danger there was in using the saw must have been perfectly obvious to the plaintiff during the 12 years that he operated it. At the time he was injured he was about 60 years of age, and it was not claimed that he did not fully understand the risk he was assuming. Under such circumstances it seems to me it was a question for the jury whether he had not waived his right to have the saw guarded. Where an employer has not complied with the labor law there is a presumption that the employé did not assume the risk of injury; but such presumption is not conclusive. Graves v. Gustave Stickley Co., 125 App. Div. 132, 109 N. Y. Supp. 256, affirmed 195 N. Y. 584, 89 N. E. 1101. The evidence may overcome the presumption, and establish that the risk was assumed, and the jury might have so found in this case. They were prevented from passing upon that question by the court's refusing to charge as requested, and by the charge which he made in denying the request, in which he said:

"I refuse absolutely to charge in any such terms; but I do charge, and repeat the charge made before, that an employé does take the patent and obvious risks of his employment, after you first find that the employer has performed the obligation that the statute has imposed upon him in properly guarding the machinery, unless, as previously charged, you find the plaintiff waived the performance of that obligation."

In other words, the court, by the refusal to charge as requested, refused to permit the jury to find that the plaintiff "waived his right" to have this particular piece of machinery guarded until after they had found "that the employer has performed the obligation that the

statute has imposed upon him in properly guarding the machinery."

Upon both grounds, therefore, I am of the opinion the judgment and order should be reversed, and a new trial ordered, with costs to appellants to abide the event.

SCOTT, J., concurs. CLARKE, J., dissents.

INGRAHAM, J. I concur with Mr. Justice McLAUGHLIN upon the ground, as stated in his opinion, that it was error for the court to refuse to charge that if the jury believed that the plaintiff knew that the saw was unguarded, and continued to work upon it without complaint, the jury may find that he waived his right to have this particular piece of machinery guarded.

HOUGHTON and SCOTT, JJ., concur.