### SARETSKY v. STEINBERG et al.

(Supreme Court, Appellate Term. March 8, 1912.)

1. EVIDENCE (§ 19*)—JUDICIAL NOTICE—NUISANCE.
   It is judicially known that a fire escape on a tenement house, built within the stoop line, is not a nuisance per se.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 23; Dec. Dig. § 19.*]

2. LANDLORD AND TENANT (§ 169*)—INJURY TO SUBTENANT—BURDEN OF PROOF.
   In an action by a subtenant against the owner of premises for injury caused by falling of an ornament from a fire escape, the burden was on plaintiff to show that the fire escape was maintained in such a dangerous and defective condition as to be a nuisance in fact.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 663–667, 681–684; Dec. Dig. § 169.*]

3. LANDLORD AND TENANT (§ 164*)—INJURY TO SUBTENANT—OWNER'S LIABILITY.
   An owner, not in possession of premises, is not liable for injury to a subtenant, caused by a defect in the premises, unless the defect was so dangerous as to constitute a nuisance, and unless the owner leased with knowledge of the defect.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–641; Dec. Dig. § 164.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. LANDLORD AND TENANT (§ 169*)—INJURY TO SUBTENANT—KNOWLEDGE OF DEFECTS—EVIDENCE—SUFFICIENCY.

In an action against the owners of premises for injury to a subtenant, evidence *held* insufficient to show that the owner knew of the defect which caused the injury, or that the defective condition existed when he leased the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 663–667, 681–684; Dec. Dig. § 169.*]

Appeal from City Court of New York, Trial Term.

Action by Isaac Saretsky against Morris Steinberg and Abram B. Cohen. Defendant Steinberg died pending the action, and it abated as to him. From a judgment for plaintiff against both defendants, and from an order denying a new trial, defendant Cohen appeals. Reversed, and complaint dismissed.

Argued December term, 1911, before SEABURY, LEHMAN, and PAGE, JJ.

James I. Cuff, for appellant.

Abraham H. Sarasohn, for respondent.

PAGE, J. This action was brought to recover damages for personal injuries sustained by the plaintiff on July 17, 1908. The defendants were the owners of the premises No. 54 Pike street, in this city, but were not in possession thereof, having leased the premises to one Kaplan on the 1st day of May, 1908, who on that date entered into possession. The facts upon which the plaintiff recovered the verdict were as follows: On the day first mentioned the plaintiff was sitting on the front stoop of the premises, talking with a tenant of the building, when an ornamental piece of iron, which had been attached by rivets to a fire escape at the second floor on the front of the premises, fell, striking plaintiff upon the head.

The complaint alleges, and it is the theory of the plaintiff's action, that defendants, as owners, were liable, because the premises had been maintained by them in a defective condition, and were leased to the said Kaplan in such defective and unsafe condition. There was no attempt on the part of the plaintiff to prove actual notice to the defendants at any time of the existence of the unsafe and dangerous condition of this fire escape. The plaintiff's case rested solely upon that constructive notice which may be implied when the circumstances are such as to show that the defect could have been discovered by the exercise of reasonable care. The plaintiff's expert, Oltasch, testified that the accident was caused either because of a faulty rivet, which had too small a head to hold well in a clover-shaped hole in the clip to which it was fastened, this hole having been faultily punched in the shape indicated, "three holes, instead of one," as he phrased it, or because the iron had rusted through age and neglect to paint the structure frequently enough to prevent its rusting. The testimony of this expert was most positive that the accident was due to one or the other, or a combination of both of these causes. He further stated, when asked if it were possible that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the ornamentation would have stayed in position 18 years with this rivet in place:

"She is liable to fall in one month, and liable to fall in years."

Oltasch also testified that such fire escapes came all prepared and riveted together, and when delivered to the job were all in condition to be put on the building; that this defect could not possibly be discovered from the top, but could only be discovered by a layman by his—

"going down the step ladder and by examining carefully that rivet; that is, the only way to look at a fastening is to look at it, to get close to it and feel it, the three holes."

At another point this witness said:

"I, as an expert going to examine that fire escape, would go down the ladder and look up at the fastenings, to be able to tell whether they will hold."

The tenant in possession testified that he made an examination of the premises before he took possession; that he did not go to the fire escapes, but looked at them from the outside; that he discovered nothing out of order; that the fire escapes were in the same condition on the front of the building on the day of the accident as when he took possession; that he made no changes at all.

It will be seen, therefore, that there was not the slightest evidence that the defendants had any knowledge of any improper or unsafe condition of this fire escape. The building had been erected for some years. There is nothing from which any inference can be drawn that the fire escapes were not erected in a proper and suitable manner for the purpose for which they were intended.

"No structure is ever so safe that it may not be made safer. But as a general rule, when an appliance, or machine, or structure, not obviously dangerous, has been in daily use for years, and has uniformly proved adequate, safe, and convenient, its use may be continued without the imputation of culpable imprudence and carelessness." Lafflin v. B. S. W. R. R. Co., 106 N. Y. at page 140, 12 N. E. 601, 60 Am. Rep. 433.

See, also, Dwyer v. Hills Bros. Co., 79 App. Div. 45, 79 N. Y. Supp. 785, and cases cited.

[1-3] It is clear, and the court will take judicial notice, that a fire escape on a tenement house, built within the stoop line, is not a nuisance per se. It is therefore incumbent upon the plaintiff to establish at least some facts showing that the particular fire escapes in question were maintained in such a dangerous and defective condition as to be a nuisance in fact. Williams v. Hynes, 55 N. Y. Super. Ct. 86. For unless such a condition is proven, and also that the defendant had knowledge of it and leased the premises to Kaplan with such knowledge, it is evident that the owner, being out of possession, would not then be liable; any liability arising for subsequent negligence being attributable to the tenant in possession of the entire premises.

[4] At the close of the plaintiff's case a motion was made to dismiss the complaint, upon the ground that there was no proof that the defendants, as owners, had any knowledge of the defective con-

dition of the fire escape, and that it did not appear that the defects complained of existed at the time the defendants were in possession or had control of the premises, or that the premises were leased in a dangerous or defective condition. This motion should have been granted, and its refusal was error.

The judgment must therefore be reversed, and the complaint dismissed, with costs in this court and in the court below. All concur.