(82 Misc. Rep. 449.)

### SENNERT v. WEISBECKER.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

NEGLIGENCE (§ 134*)—USE OF BUILDINGS—MEAT SHOP.

The fact that a piece of meat was on the floor of a meat shop at the time plaintiff stepped thereon and slipped was not proof that the proprietor did not use due care in maintaining his place of business.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Pauline Sennert against Charles Weisbecker. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Herrick C. Allen, of New York City (L. H. Schleider, of New York City, of counsel), for appellant.

Maurice B. & Daniel W. Blumenthal, of New York City, for respondent.

BIJUR, J. This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff while on the premises of defendant, who maintains a large butcher store, through slipping upon a piece of meat upon the floor of the store, which meat she says was about as large as her heel. But one witness, apart from

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

herself, was examined on 'her behalf, and he testified that at the time of the accident she said she did not know what had caused her to slip, and that he himself looked all around, and saw nothing but sawdust on the floor. It is altogether probable, therefore, that this judgment should be set aside as against the weight of evidence. Klassen v. Interurban Co., 116 App. Div. 153, 101 N. Y. Supp. 581.

It is plain, however, that no negligence on the part of defendant has been shown. The mere fact, if it was a fact, that there was a piece of meat on the floor at the instant that plaintiff slipped, is no proof that defendant did not use due care in maintaining his place of business. Kelly v. Otterstedt, 80 App. Div. 398, 80 N. Y. Supp. 1008; Kipp v. Woolworth, 150 App. Div. 283, 134 N. Y. Supp. 646. The evidence of the defendant is well-nigh conclusive that he used every known, and indeed every possible, effort to keep his place in a perfectly clean and safe condition. Shaw v. Webber, 79 Hun, 307, at page 308, 29 N. Y. Supp. 437, 438, cited by respondent, is not decisive, although the court does say that evidence analogous to that in the case at bar—

"was sufficient to sustain the finding that the negligence of the defendant or his servants permitted a piece of suet or fat to be left on the floor."

It is plain that that remark is casual. The court says significantly:

"The questions of defendant's negligence and of the plaintiff's freedom therefrom were not really litigated on the trial."

Thereafter follows a long discussion of the only question really raised in that case, namely, of the right of the plaintiff to impeach a release executed by her, without restoration of a sum of money which she alleged had been given to her by the defendant as a gift.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.