MINNETTE K. STARK and Another, Respondents, *v.* FRANKLIN SIMON & Co., INC., Appellant.

First Department, December 9, 1932.

*George J. Stacy* of counsel [*James J. Mahoney* with him on the brief, attorney], for the appellant.

*William Rosmarin* of counsel [*Max Levin* with him on the brief; *Levin, Rosmarin & Schwartz*, attorneys], for the respondents.

SHERMAN, J. Plaintiffs' proof shows that on the second floor of defendant's store there was a difference in height of about thirty inches between levels; that between those two levels were two steps; that the upper level at or near these steps had five metal strips on it about one-half inch wide, three-eighths of an inch thick and spaced approximately one-half an inch apart, laid in linoleum. Plaintiff

wife said she had reached this place on the upper level and was about to step from it with her right foot to the first step below when the French heel of her left shoe became wedged in the space between two metal strips on the upper floor level and, in trying to extricate herself, she pitched forward and fell.

The complaints are silent as to any space between the strips or as to the heel of plaintiff's shoe catching between two of them. Her charge there is in effect that the steps were permitted to become worn, defective, slippery and out of repair, and had covers of corrugated metal with slippery brass covered edges, and that plaintiff " tripped upon said stairway or steps and was precipitated to the floor." A space of a half inch between metal strips three-eighths of an inch thick, placed upon steps for protection (*Larkin* v. *O'Neill*, 119 N. Y. 221), such as appears on the photograph in the record, is no proof of negligence. There was ample light and the situation was obvious and was seen by plaintiff. The only duty required of defendant was reasonable care, and it did not fail in that duty. There was nothing from which defendant could reasonably be required to anticipate that this floor covering would be a source of danger to any one.

Testimony was given that the metal strips were shiny and slippery but no claim was made in her testimony that this condition had anything to do with her fall.

Plaintiff further claimed the absence of a handrail or banister, and the trial court charged as to the ordinance relating to handrails. This testimony on plaintiff's behalf as to the absence of handrail, banister or support, is controverted by the photograph, defendant's Exhibit A, which plaintiff testified fairly represented the place where she asserts she fell. That exhibit shows the balustrade at the side of the steps.

However, there was no requirement for a handrail. Two steps taking up a slight difference between two levels in the same floor cannot be said to be stairs coming within the wording of the ordinance. The matter of handrails, likewise, had nothing to do with this accident. It does not appear upon what portion of the first step with regard to their width, plaintiff was about to descend, or that she could not have used the balustrade present at her right, or that she could have used a central handrail. Besides, plaintiff claims she was on the upper floor level when her heel became caught and no handrail or balustrade is required there.

The theory that her heel was caught between the two metal strips is not only not pleaded but is contradicted by the verified complaints of both plaintiffs in which they allege in effect that the steps were permitted to become worn, defective, slippery and out

of repair, and had covers of corrugated metal with slippery brass covered edges, and that plaintiff, Mrs. Stark, " tripped upon said stairway or steps and was precipitated to the floor." There are no allegations of a one-half inch space between two metal strips and plaintiff getting her heel caught therein and no charge in the complaints about a wrong construction of this stair covering.

The judgment should be reversed, with costs, and the complaints dismissed, with costs.

FINCH, P. J., MERRELL and MARTIN, JJ., concur; McAVOY, J., taking no part.

Judgment reversed, with costs, and complaints dismissed, with costs.