THE PEOPLE OF THE STATE OF NEW YORK ex rel. BEAUNIT WEAVING MILLS CORPORATION, Respondent. v. HAROLD SHINE and Another, Appellants, and DAVID PEARSON, Respondent, as Assessors, and WILFRED B. AMYOT, as Clerk of the City of Cohoes, Respondent.— The relator complains of an excessive assessment of its property by the board of assessors of the city of Cohoes, and procured a certiorari order to review the assessment. During the pendency of the proceeding a stipulation was entered into to correct the assessment roll and reduce the assessment, and it provided that a final order in accordance therewith could be entered by either party. This stipulation was made by the mayor, the corporation counsel and the relator, and was approved by the board of estimate and apportionment, and also by an ordinance of the common council. Upon application at Special Term for the final order, two of the three assessors opposed the granting of the order on the ground that there was no authority for the stipulation and compromise without the consent of a majority of the board of assessors, and cited section 189 of chapter 130 of the Laws of 1915, a section of the charter of the city. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

ANNA M. WENTZ, Appellant, v. J. J. NEWBERRY COMPANY, Respondent.— The plaintiff went to the store of the defendant with her daughter; she observed the floor as she walked by the counter where she afterwards slipped and says that there was nothing on the floor. She claims to have seen the manager brushing off the counter which contained children's bootees and that they were held together by rubber bands and that when her daughter returned, she started to walk out the same way that she had come in and that she slipped and fell to the floor. After the plaintiff's fall, defendant's assistant manager picked up one rubber band from the floor and the plaintiff said that must have been what she slipped on. The plaintiff claims that there were three small rubber bands rolled together which caused her to slip. The accident was an unusual one. It was not such as the defendant was called on to guard against — no notice being shown that the bands were on the floor. There is insufficient proof of lack of care on the part of the defendant or its agents or servants. Order and judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ. [152 Misc. 392.]