## MARINGER v. HILL.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

LANDLORD AND TENANT (§ 164*)—DANGEROUS PREMISES—INJURY TO TENANT'S WIFE—NEGLIGENCE.

Plaintiff and her husband were lessees of an apartment on the third floor of defendant's apartment house. Plaintiff alleged that as she started from the upper landing, to pass down the first flight of stairs in the hall, after 6 o'clock in the evening, she slipped on a grape skin on the landing at the head of the stairs, and fell and was injured. The janitress testified that, shortly after 2 o'clock in the afternoon of that day, she saw two boys coming down the back stairs and throwing down grape skins, and thought they might have done the same thing on the front stairs, so that a few minutes afterwards she went to the fourth floor, and found and picked up grape skins all the way, and that she picked up all she saw. The daughter of one of the other tenants testified that after 3 o'clock in the afternoon of the same day she and a girl friend were coming down the stairs, and that the friend was eating grapes and throwing down the skins. *Held* that, while the negligence of the janitress in failing to pick up all the skins might have been actionable, in case plaintiff stepped on skins that were there when the janitress picked up skins on the stairs, the court erred in permitting the jury to find defendant negligent in case they found that the accident was due to a grape skin dropped by the friend of the daughter of the tenant in the afternoon.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–641; Dec. Dig. § 164.*]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Emma Maringer against Henry L. Hill. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Theodore H. Lord, for appellant.

Charles Goldzier (Moses H. Grossman, on the brief), for respondent.

LAUGHLIN, J. On the 29th day of September, 1908, the plaintiff and her husband were lessees of an apartment on the third floor of a five-story tenement house, having five apartments on each floor, at No. 940 East 165th street, borough of the Bronx, New York, owned by the defendant, and at about 7 minutes after 6 o'clock in the evening of that day, while starting from the upper landing to pass down the first flight of stairs, she slipped on a grape skin, which was on the landing near the head of the stairs, and fell and sustained injuries, to recover for which this action was brought. The negligence charged in the complaint is failure to light the public hall between sunset and sunrise, and to keep the stairs clean and free from accumulation of dirt, filth, garbage, and other matter, as required by the provisions of chapter 334 of the Laws of 1901, known as the "Tenement House Act."

The accident occurred after sunset, and the public hall was not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lighted. The court properly submitted to the jury the questions with respect to the liability of the defendant for his failure to comply with the requirements of the law in that regard. With respect to the liability of the defendant for the accident, if due to the presence of the grape skin on the landing near the head of the stairs, the court instructed the jury that the landlord was not expected to have some one in the house the entire time watching for any slight object that might drop on the stairway, but was expected to use such care as an ordinarily prudent person, having charge of such a building, would use, and that it was his duty to use reasonable care in inspecting the public stairs and floors, with a view to removing anything that might be deposited there, which would endanger the safety of people using the stairs.

The defendant had a janitress in charge of the building, whose duty it was to light the lights and keep the public stairs and floors clean, as required by law. The janitress was called as a witness by the plaintiff. She testified that shortly after 2 o'clock in the afternoon of the day of the accident, on looking out through the window of her kitchen, she "saw two little boys eating grapes and throwing the skins down, coming down on the back stairs leading into the air shaft," and that she thought that "the children may have done the same thing down the stairs," and so a few minutes afterwards she went up to the fourth floor, and found and picked up grape skins all the way; that she picked up all that she saw, and that she intended to get a broom and sweep down the stairs, to be sure of getting all the grape skins, but that she was interrupted by one of the tenants, and she then forgot to do so; and that she swept down the stairs at the place where the accident occurred every morning. The plaintiff testified that after falling she looked and saw a "squashed" grape skin on the landing near the head of the stairs, and it is claimed that she slipped on that grape skin. A girl 14 years of age, a daughter of one of the tenants of this building, called by the plaintiff, testified that "after 3 o'clock, * * * about 3 o'clock," in the afternoon of the day of the accident, she and a girl friend were coming down the stairs, and that her girl friend was eating grapes and "throwing down the skins."

The court left it to the jury to determine whether or not the janitress picked up all the grape skins that were on the stairs and landing at the time to which her testimony relates, and also to determine whether or not, if plaintiff slipped on a grape skin dropped on the landing after the time the janitress picked up the grape skins, the defendant or his servants knew, or should have known, that the grape skin was there and was dangerous to a person passing up or down the stairs, and permitted the jury to predicate a verdict upon the negligence of the defendant with respect to the grape skin, regardless of the question of negligence with respect to lighting the hall. At the close of the charge, counsel for the defendant requested the court to instruct the jury as follows:

"Negligence in this case cannot be predicated upon the presence of the grape skin on the stairway, on which this lady, Mrs. Maringer, slipped."

This request was denied, and an exception was duly taken, and counsel for the defendant also excepted to the charge "as modified" with respect to his requests, evidently intending thereby to except to the charge on this subject, for it would seem that the court had his requests before charging the jury.

We are of opinion that the court erred in permitting the jury to find the defendant guilty of negligence with respect to the presence of the grape skin on the stairs; and since, in the form in which the verdict was rendered, it cannot be said upon which theory the jury determined the issues, the defendant is entitled to a new trial. If it appeared, or could be determined from the evidence, that the accident was due to a grape skin dropped on the landing by the girl friend of the daughter of a tenant at about or after 3 o'clock in the afternoon, we are of opinion that the jury should not have been permitted to hold the defendant liable on the theory of constructive notice. There was no evidence of actual notice to the defendant or his janitress, with respect to the grape skins thrown upon the floor and stairs after 3 o'clock, and it would be unreasonable to hold the defendant liable for failing to inspect the stairs and landing between that hour and the time of the accident, for that would impose too onerous a duty on the part of owners of tenement houses.

The stairs had been swept that morning, and, in the absence of notice that they had been obstructed or rendered dangerous by tenants or third parties in the meantime, there was no duty on the part of the defendant to further inspect between the time the janitress picked up the grape skins and the time of the accident. If, on the other hand, it appeared, or could be determined with any degree of certainty from the evidence, that the plaintiff slipped on a grape skin that was on the stairs when the janitress picked up grape skins, and that the janitress was negligent in not picking them all up, then the defendant might be held liable on that theory; but, on the record before us on this appeal, there is not even a foundation for a reasonable guess as to whether the grape skin on which the plaintiff slipped is one that was on the landing or stairs when the janitress picked up all she found, or whether it was one deposited there later.

We are therefore of opinion that the defendant was entitled to have the jury instructed as requested in the charge which was refused.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur. DOWLING, J., dissents.