ANTONINA SLEDZINSKA, Respondent, *v.* JOHN PILLER, Appellant.

Second Department, November 24, 1916.

Landlord and tenant — negligence — injury to tenant while descending from stoop by falling through opening into cellar — burden of proof — erroneous charge — notice to defendant.

Where, in an action for personal injuries, it appeared that the plaintiff, the lessee of an apartment in defendant's tenement house, had taken one step from the front stoop when she fell through an opening into the cellar, which opening was about a foot from the side of the house, and the plaintiff and her daughter testified that the opening had always been covered by a board, it was reversible error for the court to charge, over the defendant's objection, that "the simple fact that there was evidence of the hole in the sidewalk cast upon the defendant the burden of proving that he was not responsible in any way for that opening."

The defendant could not be held for negligence in the absence of proof that justified a finding of notice to him, actual or imputable, of the defect in question.

APPEAL by the defendant, John Piller, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of said county on the 7th day of March, 1916, upon the verdict of a jury for $450, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*F. X. Donoghue,* for the appellant.

*John Ambrose Goodwin* [*Stephen A. Machcinski* with him on the brief], for the respondent.

JENKS, P. J.:

At 7:30 P. M. of March 2, 1915, the plaintiff, lessee of an apartment in defendant's tenement house, had taken one step from the front stoop when she fell through an opening into the cellar. This opening was about 9 inches, or 1 foot, from the side of the house. The testimony of plaintiff and her daughter is that during the 11 months of their tenancy the opening had been closed by a board covering, always in place until this night.

The plaintiff alleged both nuisance and negligence, but at the end of the proof the court, upon defendant's motion, struck out the plea of nuisance and expressly submitted the case to the jury upon the question of negligence alone.

The negligence, if any, was in the uncovering of the opening on this night. In disposition of a request of the defendant but beyond compliance therewith, the learned court instructed the jury: " There is no evidence that the defendant personally had anything to do with removing these boards and making that opening, and there is no evidence as to the length of time that hole was open. I think I covered that in the general charge. *The simple fact that there was evidence of the hole in the sidewalk cast upon the defendant the burden of proving that he was not responsible in any way for that opening.*" The plaintiff did not except to this statement as to the condition of the proof, which was responsive to the request of the defendant, but the defendant did except, clearly to the rule of law which I have indicated by italics. I think that the exception was well taken. The defendant could not be held for negligence in the absence of proof that justified a finding of notice to him, actual or imputable, of the defect in question. (See S. & R. Neg. [6th ed. by Street] § 710, and cases cited; *Henkel* v. *Murr*, 31 Hun, 28, 30; *Idel* v. *Mitchell*, 158 N. Y. 134; *Maringer* v. *Hill*, 146 App. Div. 720.)

There was testimony that the defendant was on the premises at or shortly before the time of the casualty, and some testimony that indicates that the cover had been taken off incidental to the moving of a tenant, so that the case is not entirely bare of evidence of notice, but the charge of the court permitted the jury to find negligence from the mere absence of the cover at the time the plaintiff stepped from the stoop, and, therefore, I advise that the judgment and order of the County Court of Westchester county be reversed and that a new trial be ordered, costs to abide the event.

THOMAS, CARR, RICH and PUTNAM, JJ., concurred.

Judgment and order of the County Court of Westchester county reversed and new trial ordered, costs to abide the event.