RICHARD SLATER, Plaintiff, *v.* UNITED TRACTION COM-
PANY, Defendant.

(Supreme Court, Rensselaer Trial Term, December, 1916.)

Verdict — reservation of decision when unauthorized — motion for non-
suit — damages — Code Civ. Pro. § 1187.

> While, pending decision upon a motion for a nonsuit or the
> direction of a verdict in a negligence action, the court, under
> section 1187 of the Code of Civil Procedure, may submit any
> question of fact to the jury or require it to assess the damage,
> and then decide the motion, a reservation of decision thereon
> until after the rendition of a general verdict is unauthorized.

MOTION by defendant for nonsuit.

Hayner & Ward (Thomas S. Fagan, of counsel), for
plaintiff.

John E. MacLean (John T. Norton, of counsel), for
defendant.

RUDD, J.   The issues herein were tried before the
court and jury in March, 1915.

The allegations by plaintiff are negligence of de-
fendant and freedom from negligence on the part of
plaintiff.

The trial resulted in a verdict of no cause of action.

Subsequent to the trial a motion was made at Special
Term before the justice who had presided at the trial
asking the setting aside of the verdict on the ground
that a juror who had taken part in the verdict ren-
dered had deceived the court in his answers to ques-
tions by counsel for plaintiff, upon the examination of
the juror as to his qualifications to sit.

The motion was granted and for the reasons

assigned the verdict was set aside; the order thus made was affirmed by the Appellate Division. 172 App. Div. 404.

Upon the trial of the case at the close of the plaintiff's evidence and again at the end of the testimony the defendant moved for a dismissal of the complaint.

Upon each motion the court reserved decision, the defendant's counsel taking an exception.

At the end of the case, when defendant's counsel renewed the motion for dismissal of the complaint on the ground that defendant had failed to prove freedom from negligence of plaintiff and any negligence of defendant, the court said: '' I will reserve the decision until the coming in of the verdict, giving the defendant an exception to the refusal to grant the motion at this time, reserving the question which is made under the motion to dismiss the complaint until after the jury have passed upon the question which you gentlemen may present.''

The verdict of no cause of action resulted, which verdict was set aside as above stated.

The defendant now renews its motion for nonsuit, sustaining its contention by calling the court's attention to the alleged failure of the plaintiff to make proof which should properly permit the submission of the questions to a jury as to the plaintiff's freedom from negligence and the alleged negligence of the defendant.

The question now presented is upon the reserved motion to nonsuit.

In considering that question we must first determine as to the court's power to consider the motion after the rendering of a general verdict.

There is at least uncertainty unless the reservation of decision was made by consent of the parties.

In *Russell* v. *Rhinehart*, 137 App. Div. 843, it was

held that: " The practice of reserving decision upon a motion for a nonsuit, and then taking a general verdict from the jury, is not only unauthorized by the Code, but is in some respects unfair;" also that " where the decision of a motion for nonsuit is reserved the province of the jury is limited to rendering a special verdict or assessing damages. It has no power to render a general verdict."

In *Bail* v. *New York, N. H. & H. R. R. Co.*, 201 N. Y. 355, Judge Haight says: " It is quite true that the right to move for a nonsuit does not exist after verdict, but when the motion was made before the verdict and the decision thereof expressly reserved by the court, *with the consent of the parties,* until after the verdict the court may then, notwithstanding the verdict, render its decision upon the motion and cause judgment to be entered thereon."

The court does not, in *Bail* v. *New York, N. H. & H. R. R. Co., supra,* determine whether section 1187 of the Code of Civil Procedure does apply.

The reservation of decision on a motion for nonsuit until after the rendering of a general verdict has been repeatedly done in this district. It seems clear that under section 1187 of the Code of Civil Procedure it is not authorized.

The motion here pending comes after a general verdict, when reservation was made to which exception was taken by the defendant.

It cannot, therefore, in the opinion of this court, be entertained. Without passing upon the merits, the motion is denied for the reason stated.

An order may be entered denying the motion for nonsuit. The order should provide for a new trial.

Motion denied.