GUSSIE TANNENBAUM, Appellant, v. MORRIS LINDEN-
BERG, Respondent.

(Supreme Court, Appellate Term, First Department, December,
1918.)

Negligence — action for personal injuries — unlighted hallways — -
Tenement House Law, § 76 — landlord and tenant.

> When at seven P. M. on October seventh, plaintiff, who·was a
> tenant of an apartment two flights above the ground floor of
> defendant's tenement house, stepped into the hallway it was
> so dark she had to grope her way to the head· of the stairs
> guiding herself by placing her hands on the balustrade. When
> she had got down some steps she remembered that at that
> place there was a wider step and felt with her foot to ascer-
> tain if the next step was the wider one and in so doing, let
> go of the balustrade. When she put her foot upon the wider
> step, it caught on a rag which had been left there, she tripped,
> made a futile grasp for the balustrade which she was unable
> to locate and see, and fell. In an action to recover for personal
> injuries it further appeared that there was no light burning on
> the entrance floor or on the floor on which plaintiff lived, and
> one of her witnesses testified that the lights had been lighted
> at or about sunset. *Held*, that section 76 of the Tenement
> House Law had not been complied with, as there was no proper
> light kept burning; that the darkness was an efficient con-
> curring cause of the accident, and that the proof made out a
> *prima facie* case and it was reversible error to dismiss the
> complaint at the close of plaintiff's case.

APPEAL by plaintiff from a judgment of the City
Court of the city of New York in favor of defendant,
dismissing the complaint at the close of plaintiff's
case, after trial before a jury.

Bogart, Wilkes & Bogart (Harry Schulman and
Abraham P. Wilkes, of counsel), for appellant.

Almond D. Fisk, for respondent.

Appellate Term, First Department, December, 1918.    [Vol. 105.

MULLAN, J.    Plaintiff, a tenant in a tenement house, at about seven P. M. in the evening of October seventh, left her apartment, two flights above the ground floor, on her way to attend religious services.   When she stepped into the hallway it was so dark she had to '' grope '' her way to the head of the stairs, guiding her footsteps by placing her hand on the balustrade. Reaching the stairs she proceeded downward, slowly, touching the balustrade at short intervals.   When she had got down some steps she remembered that there was at that portion of the stairs '' a wider step.''   She felt with her foot to ascertain if the next step was the wider step, and in so doing she let go her hold of the balustrade.   When she planted her foot upon the step it caught in a '' rag '' which in some manner had been left on the step.   She tripped, made a futile grasp for the balustrade, and was unable by reason of the darkness to locate the balustrade, and seize it, and fell and was injured.    There was no light burning on the entrance floor or on the second floor above it, the floor on which plaintiff lived.    As the complaint was dismissed, the foregoing is the most favorable statement of the plaintiff's story.

The question before us is, did plaintiff by this testimony make out a *prima facie* case?   The Tenement House Law, section 76, provides that '' a proper light shall be *kept burning* by the owner in the public hallways, near the stairs, upon the entrance floor, and upon the second floor, above the entrance floor   *   *   * every night from sunset to sunrise throughout the year.'' One of plaintiff's witnesses testified that the lights had been lighted at or about sunset; and the respondent contends upon this proof that his full duty was performed under the statute.   Not only does the statute in express terms state the contrary, but in *Silverman* v. *Konig,* 170 N. Y. Supp. 368, we construed an

ordinance providing that certain cellarways " shall be inclosed * * * with two iron chains * * * to be closed during the night," etc., as placing upon the person in control the duty of *keeping* the chains closed, although the ordinance did not in terms so require.

The respondent urges also that the darkness was not the proximate cause of the accident. We deem it to be very plain that it was an efficient concurring cause. *Sweet* v. *Perkins,* 196 N. Y. 482. The case of *Maringer* v. *Hill,* 146 App. Div. 720, is not an authority to the contrary. *Horn* v. *Breakstone,* 75 Misc. Rep. ·343, a City Court trial term decision, was rested upon the authority of *Davy* v. *Lyons,* 71 id. 139, a peculiar case, where it may have been difficult to see how the absence of light contributed to the accident. If, however, the majority opinion in the *Davy* case be deemed to support the respondent's contention here, we are unable to follow it.

GUY and WEEKS, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.