MAURICE W. FITZGERALD, as Administrator, etc., of JANE FITZ-GERALD, Deceased, Appellant, Respondent, v. COLT-STEWART MOTOR Co., INC., Respondent, Appellant.

First Department, December 26, 1930.

*Frank C. Bowers* of counsel [*Thomas Jefferson Ryan*, attorney], for the plaintiff.

*F. A. W. Ireland* of counsel [*Ireland & Caverly*, attorneys], for the defendant.

O'MALLEY, J.   The plaintiff seeks damages for the death of his intestate, an infant, who was struck and severely injured by one of defendant's trucks.   The accident happened March 30, 1926. For the purposes of this appeal it may be assumed that the evidence was sufficient to warrant the jury's finding of negligence on the part of the defendant and of the intestate's freedom from contributory negligence.

The chief issue presented is whether death was due to the injuries

inflicted by the defendant. In setting aside the verdict the learned trial justice adopted the view urged by the defendant's counsel that death was due to a cause or causes entirely independent of the accident.

Plaintiff's intestate was treated by various physicians. The diagnosis of the first physician who saw her in the hospital immediately following the accident was contusion of the back, rupture of the left eardrum and multiple abrasions of the body. On the child's discharge from the hospital there was also a diagnosis of concussion of the brain.

Dr. Haubold, a specialist in surgery of the brain, had charge of the infant when she was transferred from Fordham to Broad Street Hospital. His diagnosis, based on an examination and a history of the case, was a fracture of the left side of the base of the skull extending through the middle ear; a rupture of the eardrum and discharge of cerebro-spinal fluid from the ear. His conclusion was that there had been a laceration and contusion of the brain. In addition he discovered a broken collar bone and general contusions. He testified to the general indicia of brain laceration, a condition which seldom ever heals, for the reason that blood cannot reach the brain to perform such function; and a person so injured is apt to die if given a general anæsthetic. Dr. Haubold continued to treat the patient on the basis of his diagnosis until about a month prior to November 26, 1926.

On the date last mentioned an anæsthetic of ether was administered preparatory to the removal of the child's tonsils. Almost immediately and before the anæsthetic had taken full effect the patient started to succumb, and although restorative measures were adopted, she died immediately. Dr. Brady, who was to perform the operation, was called by the plaintiff who accordingly vouched for his credibility. He testified that according to his diagnosis death had been caused by status lymphaticus. He testified that the operation was necessary for the reason that the child's throat had closed and she was choking to death, and that the operation was necessary to relieve the suffocation. While he made a general examination of the patient he admitted he did not go into the history of the case and that he knew nothing of the prior accident or diagnosis of injury to the brain.

There was medical testimony to the effect that the condition of status lymphaticus could only be determined conclusively after an autopsy, but Dr. Brady was emphatic in his view that the child was suffering from the condition described and he was certain of his diagnosis that death was occasioned by this condition, influenced by the general anæsthetic administered.

The only evidence tending to show that death was due to the injuries sustained in the accident was contained in hypothetical questions proposed to Dr. Haubold. In answer to such questions the witness testified that in his opinion the accident was a competent producing cause, and in fact, the producing cause of death. His conclusion, however, was based upon the theory of brain injury and the consequent dilation of the brain ventricles following the administration of a general anæsthetic. While the witness would not agree in any way with the diagnosis made by Dr. Brady, he did admit if status lymphaticus had in fact existed, then the administration of the general anæsthetic would have been a competent producing cause of death.

In this state of the record we are of opinion that the learned trial justice very properly set aside the verdict in plaintiff's favor. According to plaintiff's own witness, Dr. Brady, the immediate producing cause of death was the administration of the anæsthetic. If, as Dr. Brady testified, a condition of status lymphaticus existed, then the death was in no way connected with the injuries sustained in the accident and, of course, no case was made out. On the other hand, if Dr. Haubold's theory is correct, the plaintiff still failed to make out a case against the defendant. Assuming the brain injury to have been caused by this defendant, the infant's death was not occasioned thereby. The evidence shows that status lymphaticus is a condition that exists from birth. It was conceded that the tonsil or throat operation was in no way attributable to the accident or the injuries resulting therefrom. There was, therefore, an independent intervening cause, namely, the administration of a general anæsthetic, when there was present a condition which would render such treatment fatal.

There remains the question of whether the trial justice erred in refusing to dismiss the complaint. His decision in this respect was predicated on the assumption of lack of power, for the assumed reason that jurisdiction of the motion to dismiss, made both at the end of the plaintiff's case and at the end of the whole case, had been lost because the case had been submitted to the jury for a general verdict. The disposition thus made was predicated upon the authority of *Slater* v. *United Traction Co*. (98 Misc. 69).

In this view the trial justice was in error. The reservation of decision upon defendant's motions to dismiss, was not excepted to by plaintiff's counsel. In these circumstances the court was vested with power, not only to set aside the verdict, but to dismiss the complaint. (*Bail* v. *N. Y., N. H. & H. R. R. Co*., 201 N. Y. 355.) In the case cited, which is factually similar, it was said: "We are of the opinion * * * that the court did have the

power to set aside the verdict and grant the motion for a nonsuit, for the reason that the deferring of the motion was acquiesced in by the counsel upon both sides. It is quite true that the right to move for a nonsuit does not exist after verdict, but when the motion was made before the verdict and the decision thereof expressly reserved by the court, with the consent of the parties, until after the verdict the court may then, notwithstanding the verdict, render its decision upon the motion and cause judgment to be entered thereon. This has been the practice in the courts of this State for many years. * * * In view, therefore, of the fact that the parties are deemed to have acquiesced in and consented to the reservation of the decision of the defendant's motion for a nonsuit until after the verdict, it becomes unimportant to determine whether section 1187 of the Code of Civil Procedure applies to this case."

Plaintiff's failure to object to the reservation of decision upon the motions in question must be deemed an acquiescence in the court's ruling, and this case, therefore, comes within the principle of the authority cited. Such dismissal, however, cannot be upon the merits. Plaintiff failed to prove that death was due to the injuries inflicted by the defendant.

It follows that the order should be modified by reversing so much thereof as grants a new trial and denies defendant's motion to dismiss the complaint, and by granting defendant's said motion, but without prejudice, and as so modified affirmed, with costs to the defendant.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Orders modified by reversing so much thereof as grants a new trial and denies defendant's motion to dismiss the complaint, and by granting defendant's motion, but without prejudice, and as so modified affirmed, with costs and disbursements to the defendant.