HOWARD MAYER, by His Guardian ad Litem, ANNA BECHER, Appellant, *v.* HERMAN CRAMER and Another, Respondents.

First Department, November 17, 1933.

*Nicholas D. Lamorte* of counsel [*Francis X. Stephens, Jr.*, with him on the brief; *James A. Carney*, attorney], for the appellant.

*Daniel Miner* of counsel [*James B. Henney*, attorney], for the respondents.

TOWNLEY, J. This is an action brought against the defendants as owners of a tenement house, for damages resulting from their alleged negligence. An accident occurred when the infant plaintiff descended the stairs in defendants' house and stepped on a rug at the bottom. The rug slipped from under him, causing him to fall back against the treads and he suffered a transverse fracture of the left forearm. At the end of the case the court said: " There is no evidence in the case indicating that either the stairs or the rug itself were defective. The contention here is that the defendant maintained the hallway in a dangerous condition, namely, that the rug in question was subject to slipping." The action was then dismissed on the ground " that an action in negligence cannot be predicated upon merely the failure to nail a rug to the floor."

The record shows more than a mere failure to nail a rug to the floor. The rug was of the small " scatter " type and likely to move if not fastened. The floor was tiled and naturally slippery. The rug had often slipped. There had been complaints about it as being a " nuisance." It appeared that the defendants themselves had recognized the dangers of this situation and had been in the habit of placing a brick on the rug to secure it in position. This admission by conduct of the defendants that a dangerous situation existed as well as the sufficiency of the means adopted

to secure the rug presented questions of fact as to the defendants' negligence which should have been submitted to the jury.

The judgment of dismissal should be reversed and a new trial ordered, with costs to appellant to abide the event.

MERRELL, GLENNON and UNTERMYER, JJ., concur; FINCH, P. J., dissents.

FINCH, P. J. (dissenting). In my opinion the decision of the learned justice at Trial Term was right and should be affirmed.

If it is negligence to place a rug upon a tile floor in the common hall of an apartment house, a new measure of care is set up which is contrary to prevailing custom and usage.

There is no claim of any defect in the rug. The fact that the rug would become wrinkled from time to time and that a brick was employed to prevent this condition constitutes no evidence that the rug was dangerous if not fastened.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.