ANNA M. WENTZ, Plaintiff, *v.* J. J. NEWBERRY COMPANY, Defendant.

Supreme Court, Chemung County, February 21, 1934.

*Nolan & Flaherty [A. H. Harpending* of counsel], for the defendant, for motion.

*Levi Ginsburg [Samuel Ginsburg* of counsel], for the plaintiff, opposed.

PERSONIUS, J.  The plaintiff sues to recover damages for personal injuries.  Decision on defendant's motion for a nonsuit and dismissal of the complaint, made at the close of the plaintiff's evidence and renewed at the close of all the evidence, was reserved without objection.  The jury rendered a verdict for the plaintiff of $4,500.  The defendant moves to set aside the verdict and presses its motion for dismissal of the complaint.  (*Fitzgerald* v. *Colt-Stewart Motor Co., Inc.,* 231 App. Div. 176, 178.)

The plaintiff while passing the children's wear counter in the defendant's store slipped on two or three small rubber bands, fell and was injured.  She testified that she entered the store in the afternoon of September 19, 1931, walked along the aisle past said counter, stopped just beyond, waited a few minutes for her companion and then started to leave the store, walking through the same aisle and past the same counter.  She also testified that the first time she passed this counter she observed that there were no

rubber bands on the floor, that while she was waiting for her companion she observed the store manager rearranging some infants' bootees on the counter, that the bootees were in small bundles held together by rubber bands, that as the manager rearranged them he was brushing something from the counter toward the aisle, and that as she passed that point the second time she felt something roll under her heel and fell to the floor. After she fell, the manager picked her up, then picked up three rubber bands, each about two inches long, rolled together and said, " this is what you fell on."

While the plaintiff observed that these bands were not on the floor when she first passed the counter, she failed to see them when they were there. However, we will assume, without deciding, that the jury could have found that after the plaintiff first passed this counter, the store manager brushed the rubber bands from the counter into the aisle, and that the plaintiff stepped on them causing her to fall.

There is no direct evidence as to whether the bands were rolled together when brushed off the counter or were so rolled by being brushed off or by being stepped on when on the floor. Nor is there direct evidence that the manager knew he brushed them off into the aisle. However, we will assume that the condition was created by the defendant's manager and that, therefore, no question of notice is involved. (*Morrison* v. *Hotel Rutlege Co., Inc.*, 200 App. Div. 636; *Lavine* v. *United, etc., Co.*, 243 N. Y. 631.)

We consider only the question whether the evidence warranted a finding that the defendant was negligent. As is well stated in the plaintiff's brief, " a defendant is negligent in respect to an accident if the accident could reasonably have been anticipated or if he ought to have foreseen that an accident was probable." Should the defendant have anticipated or foreseen that a customer would slip on these rubber bands lying on a hardwood floor? The duty of a shopkeeper is stated in *Hart* v. *Grennell* (122 N. Y. 371), and *Larkin* v. *O' Neill* (119 id. 221). In the former the court said (p. 374): " What the law requires is not warranty of the safety of everybody from everything but such diligence toward making the store safe as a good business man is in such matters accustomed to use." In the latter the court said (p. 225): " ' The line must be drawn in these cases between suggestions and possible precautions, and evidence of actual negligence, such as ought reasonably and properly to be left to a jury.' "

No negligence can be charged in the construction of the floor. It was the ordinary hardwood floor, preserved by oiling from time to time. There is no claim that it was freshly oiled.

The " obstruction " referred to by plaintiff consisted of comparatively small rubber bands made of the same substance, though in different form, as mats and runners placed on floors to *prevent* slipping. Accepting the plaintiff's story, the manager was apparently cleaning a counter and in doing so brushed these bands to the floor. Should he have anticipated that this was dangerous? We think it would be an unwarranted and dangerous extension of the rule of the duty of a shopkeeper to so hold. However sympathetic one may feel toward the plaintiff, we think this accident must be classed as unavoidable and that there is no evidence to support a finding that it was due to the defendant's negligence. The presence of these rubber bands upon a hardwood floor was not in our opinion sufficient to cause a prudent person to foresee or reasonably anticipate that one stepping upon them would be exposed to danger.

The plaintiff cites cases involving floors made dangerous by the presence of soap, soapy water, fruit, fresh oil and the like. Such conditions to our mind readily suggest the probability of slipping. The presence of these rubber bands is more comparable to the presence of a worn marble step, a rubber mat, a metal strip, a pool of water in a slight depression, a worn mat, in which instances recovery has been denied as matter of law. (*Tryon* v. *Chalmers*, 205 App. Div. 816; *Rosen-Steinsitz* v. *Wanamaker*, 154 N. Y. Supp. 262; *Stark* v. *Franklin Simon & Co., Inc.*, 237 App. Div. 42; *Kraus* v. *Wolf*, 253 N. Y. 300; *Dwyer* v. *Hills Brothers Co.*, 79 App. Div. 45.) While the facts differentiate *Greene* v. *Sibley, etc., Co.* (257 N. Y. 190), the principle there enunciated is applicable. The court said (p. 192): " Looking back at the mishap with the wisdom born of the event, we can see that the mechanic would have done better if he had given warning of the change of pose. Extraordinary prevision might have whispered to him at the moment that the warning would be helpful. What the law exacted of him, however, was only the ordinary prevision to be looked for in a busy world." (See, also, *Adams* v. *Bullock*, 227 N. Y. 208, 210.)

In *Maringer* v. *Hill* (146 App. Div. 720) there was proof of a grape skin on an apartment house step. Judgment for plaintiff was reversed for errors in the charge. Considering the whole case, it cannot be said that the court held that the mere presence of a grape skin on a step is sufficient to require submitting the case to the jury on the question of negligence. In *Gitlin* v. *Storch, Inc.* (262 N. Y. 553), on opening the door to an apartment house a rolled up mat would catch and roll up higher. Tenants had complained. In *Mayer* v. *Cramer* (239 App. Div. 408) the court said: " The record shows more than a mere failure to nail a rug to the floor.

* * * The floor was tiled and naturally slippery. The rug had often slipped. There had been complaints about it as being a ' nuisance.' It appeared that the defendants themselves had recognized the dangers of this situation and had been in the habit of placing a brick on the rug to secure it in position."

We hold the evidence insufficient to support the finding of negligence on the part of the defendant. The verdict must, therefore, be set aside and the complaint dismissed.

Submit order accordingly.