MARY COUGHLIN, an Infant, by JOHN COUGHLIN, Her Guardian ad Litem, and JOHN COUGHLIN, Plaintiffs, *v.* WILLIAM J. JONES, Defendant.

City Court of New York, Trial Term, Bronx County, May 6, 1937.

*Samuel Justin Jackman,* for the plaintiffs.

*Joseph S. Robinson,* for the defendant.

SCHACKNO, J. The infant plaintiff brought· this action to recover damages for personal injuries alleged to have been sustained by her due to the negligence of the defendant; her father sought also to recover for medical expenses and for loss of services. The jury rendered a verdict for the infant plaintiff of $1,250 and for her father of $200. Decision on defendant's motion for a nonsuit and dismissal of the complaint made at the close of all the evidence and on his further motion, to set aside the verdicts was reserved.

The infant plaintiff while playing in the rear yard of defendant's premises stepped on an unattached iron grating which gave way and she was injured.

The testimony of the witnesses called by the plaintiffs was to the effect that when children had played in front of the premises they had been told by the defendant to play in this yard and that children including the infant plaintiff had played in the yard for some years without objection by defendant. The defendant denied that he had told the children to play in this yard, but admitted that he had seen them play there and made no objection thereto; his janitor testified that whenever she found children playing in the yard she ordered them out or, as she expressed it, "chased" them out. Only one of two conclusions could be drawn from the testimony, either there was or was not an express invitation to the children to play in the yard. The court charged the jury that plaintiffs, in order to recover, must establish by a fair preponderance of credible evidence that the infant plaintiff was a guest of Mary Dooley who was a child of a tenant of the premises of the defendant and, in addition, that children of the tenants of defendant's house had been directed or invited to play in this yard by the defendant or his agent. The issue of fact was squarely presented and the jury decided it. On the determined facts Mary Dooley was an invitee and the infant plaintiff as her guest had a like status.

An invitation having existed, the defendant is liable for injuries sustained by a tenant as a result of only passive negligence. (*O'Connor* v. *Kulerban Holding Corp.,* 265 N. Y. 461; *Murtha* v. *Ridley,* 232 id. 488; *Sarapin* v. *S. & S. Corrugated Paper Machinery Co., Inc.,* 209 App. Div. 377.) The degree of care which the law measures for a landlord to his tenant is the pattern of care due to

tenant's guest. (*Loucks* v. *Dolan*, 211 N. Y. 237; *Schabel* v. *Onseyga Realty Co., Inc.*, 233 App. Div. 208.) Cases such as *Majestic Theatre Co.* v. *Lutz* (210 Ky. 92; 275 S. W. 16) and *Vaughan* v. *Transit Development Co.* (222 N. Y. 79), cited by defendant, are not applicable to the issue herein. A landowner's guest, receiving a gratuitous favor and present for his own convenience only, may be but a licensee of his host. A tenant of a dwelling house who is permitted to use portions of the premises other than his apartment is an invitee of the landlord because the use is an incident of the tenancy for which rent is paid. Similar presence of the tenant's family and his family's guests is on " lawful business of interest to both parties " within the meaning of *Vaughan* v. *Transit Development Co.* (*supra*), since their presence is likewise an incident of the use and occupation of the leased portions of the premises for which rent is paid. Section 331 of the Restatement of the Law of Torts is, therefore, not applicable to this situation.

It is urged that the invitation extended to the children to use the yard did not extend beyond the time the invitation was given. No request was made to charge with respect to that proposition. On the facts of this case, the invitation having been given, it remained in force until expressly revoked. The Dooley girl, as the child of a tenant, was by no means a gratuitous guest nor is there anything in the record which could reasonably lead to the conclusion that the invitation was in any way limited to a particular time. The only reasonable inference that flows from the jury's findings is that the landlord preferred to have the children play in the rear yard rather than on the front stoop and expressly invited them to use the yard for such purpose.

It is further urged that there was neither proof of a condition likely to cause an injury nor proof of knowledge of any such condition by the de endant; it need but be stated that ample testimony was given, which the jury evidently believed, that the grating was loose and " wobbly " for such a length of time that the law will say the defendant knew about it because he should have known about it. True it is that in the field of torts liability is not imposed for mere failure to possess beforehand a wisdom born of the event (*Greene* v. *Sibley, Lindsay & Curr Co.*, 257 N. Y. 190), but it is equally true that " the orbit of the danger as disclosed to the eye of reasonable vigilance would be the orbit of the duty." (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339, 343.) The defendant's duty was that of reasonable prudence. Knowledge of the fact that children frequently played in the yard required that he anticipate that this loose grating would give way under their weight " since their proclivities as matter of common knowledge might

draw them to such objects in the course of play." (*Boylhart* v. *DiMarco & Reimann, Inc.*, 270 N. Y. 217, 221.) A defendant is negligent in respect to an accident if the accident could reasonably have been anticipated or if he ought to have foreseen that an accident was probable. (*Wentz* v. *Newberry Co.*, 273 N. Y. Supp. 449.)

Finally, it is urged that plaintiffs should not have been permitted to conform the pleadings to the proof over defendant's objection. No error was committed in this regard. In the presentation of the defendant's case he squarely contested the issue as presented by plaintiffs and framed by the court for the jury's determination. An examination of the opening statement to the jury of counsel for the defendant shows that he understood the issue and was prepared to meet it before the trial commenced. His claim of prejudice cannot be based on surprise. What then is the defendant's grievance? He contends the complaint fails to allege that Mary Dooley, the host of the infant plaintiff, was herself an invitee. Counsel for both sides have strenuously argued this proposition but the court is of the opinion that no cause for argument exists. No amendment of this complaint was necessary to conform the pleading to the proof. It alleges that the infant plaintiff was, at the time of the accident, rightfully, properly and lawfully in and about the premises as a guest of Mary Dooley whose parents were tenants of the defendant in the aforesaid premises. Any allegation that Mary Dooley or the infant plaintiff was an invitee would be a conclusion of law. Perhaps an allegation of the further ultimate fact that the tenant's children had been expressly permitted to play in the rear yard of the premises would have been better pleading. It may also be that an amplification of the pleading would have been required at Special Term had defendant so moved. But the facts as pleaded were sufficient to permit the proof offered by plaintiffs. In any event no amendment adding this allegation would have changed the theory of the plaintiff's cause of action. It is not always effective strategy for defendants to reserve their motions addressed to the complaint until the cause reaches trial. Our liberal practice sanctions the amendment of pleadings during trial in the furtherance of justice unless the variance between pleading and proof is so material as to mislead the adverse party to his prejudice. (Civ. Prac. Act, § 434; Rules Civ. Prac. rule 166.) Nor may insufficient pleading impair or affect a verdict rendered where the omission can be supplied without altering the issue between the parties. (Civ. Prac. Act, § 109.) Furthermore, sufficient testimony was received without objection by de.endant to raise the issue determined (*Molloy* v. *Village of Briarcliff Manor*, 217 N. Y. 577), and the parties having had their day

in court, form should be disregarded in favor of substance to preserve a just determination of this litigation.

The motions to set aside the verdict of the jury and to dismiss the complaint are denied. Ten days' stay of execution; thirty days' to make a case.