RUTH HELEN GLUCK, Appellant, *v.* SUNAPEE REALTY CORPORATION, Respondent.

First Department, October 27, 1939.

*William A. Hyman* of counsel [*Harold W. Hayman* with him on the brief, *Felix M. Rosenstock,* attorney], for the appellant.

*Walter L. Glenney* of counsel [*Chauncey L. Grant,* attorney], for the respondent.

UNTERMYER, J. The plaintiff, who lived with her parents in an apartment house owned by the defendant, on a rainy evening in May, 1936, claims to have slipped and fallen on the wet and slippery floor of the entrance lobby, sustaining the injuries for which this action is maintained.

According to the plaintiff's proof the defendant had provided rubber mats or runners to be used in rainy weather on the floors of the lobby from the point where it joined the vestibule. The plaintiff's mother testified that several hours before the accident

she had directed the attention of the defendant's doorman to the fact that the rubber runner on the lobby floor was about a yard and a half from the entrance of the vestibule, thus exposing the wet surface of the marble or composition floor. It is at this point that the plaintiff claims to have fallen and sustained injuries.

Assuming these facts to be true, as we must on this appeal, we think it was error to dismiss the complaint at the conclusion of the plaintiff's case. If it be true that the defendant had notice of a dangerous condition, then the question of the defendant's negligence in failing to employ means readily available to avert the danger and the question of the plaintiff's freedom from contributory negligence were for the jury. (*Thompson* v. *Palladino*, 250 App. Div. 817; affd., 275 N. Y. 633.)

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

GLENNON and COHN, JJ., concur; DORE, J., concurs in result; MARTIN, P. J., dissents.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.