MINNIE BAKER, Appellant, v. SENECA HOTEL CORPORATION, Respondent.

Fourth Department, November 6, 1942.

*Frederick Wiedman* for appellant.

*George J. Nier* and *Charles J. O'Brien* for respondent.

DOWLING, J.  The Seneca Hotel Corporation owns a building which extends from Clinton Avenue South to Cortland street in the city of Rochester.  The building fronts on the easterly side of Clinton Avenue South.  In 1924 the corporation constructed an arcade in the northerly side of said building.  The arcade extends from Clinton Avenue South to Cortland street with an entrance thereto on each street.  In this arcade there are seven stores.  The most easterly store has an entrance from Cortland street.  The entrance to the other stores is off the arcade.  For many years the Seneca Hotel Corporation has leased these stores to various merchants.  An entrance leads from the arcade to the lobby of the hotel.  Over the entrance to the hotel lobby is a sign bearing the legend "Grill Room".  There is also a sign over the entrance to the arcade from Clinton Avenue South and Cortland street which reads " Seneca Arcade."  The arcade runway is of marble, several feet in width and, at all times herein, it was kept and maintained by the Seneca Hotel Corporation.  The arcade was illuminated during the day and night.  Inside of the Clinton Avenue South entrance to the arcade the Seneca Hotel Corporation placed two floor mats, end to end, running lengthwise of the arcade and about eighteen inches apart.  The mat near the entrance had brass flanges on

the ends. The other mat had no binding or flanges on either end. The westerly end of the second mat had been in a curled-up condition for a long period prior to January 12, 1940. For many years prior to that date the public had used the arcade for a passageway from Clinton Avenue South to Cortland street with the knowledge and consent of the Seneca Hotel Corporation and at its invitation. For years the public had patronized the stores and shops in the arcade and had used the arcade entrance in going to and from the hotel itself.

On January 12, 1940, about five P. M., the plaintiff, a housekeeper in the Hayward hotel, which was located on the westerly side of Clinton Avenue South, opposite the arcade entrance, entered the arcade from the Clinton Avenue South entrance on her way to McCurdy's department store, which was located on the easterly side of Cortland street, opposite the entrance of the arcade on that street. The arcade was well lighted. The plaintiff passed over the first mat and as she was stepping onto the second mat, she noticed, for the first time, that the left end of the mat was curled up. She did not observe the curl in the mat in time to prevent her foot from striking the curled edge with the result that she was thrown to the floor breaking one of her hips. She brought this action against the Seneca Hotel Corporation to recover her damages. She alleged in her complaint that the defendant negligently and carelessly maintained the mat upon which she fell in that the ends of the mat were not fastened or attached to the marble floor and "in that the mat was so constructed that it tended to turn up or back when in use by the public and that as a result thereof it was a dangerous and improper mat." The plaintiff further alleged "That the defendant, Seneca Hotel Corporation, owns, manages and conducts the Seneca Hotel in the City of Rochester, New York, in which is located a public passageway or arcade, open for the use of the public and to which the public are invited and known and called the 'Seneca Arcade' extending from Clinton Avenue South to Cortland Street." The second quoted allegation was not denied by the defendant.

On the trial the plaintiff established the foregoing facts and further proved that she had used the arcade as a passageway for fifteen years and that at times she had patronized the shops in the arcade. At the close of her case the court granted the defendant's motion for a non-suit and from the judgment dismissing her complaint the plaintiff has appealed.

Under the second quoted allegation of the complaint, and upon the evidence, the jury could have found that the plaintiff

was an invitee notwithstanding the fact that she was using the arcade, at the time of the accident, for her own purpose. There was also evidence that the end of the mat had been in a curled-up condition for a long time prior to the accident. Upon this proof the jury could have found that the defendant had either actual or constructive notice of its condition and that it was negligent in maintaining the mat in a public passageway in a curled-up, defective condition. (*Otis* v. *Starrett-Syracuse Corp.*, 259 App. Div. 970.) The proof also indicated that the question of plaintiff's contributory negligence was for the jury. Under the proof and the second quoted allegation of the complaint, the jury could have found that the defendant was obliged to keep the arcade passageway in a reasonably safe condition and that the plaintiff, even if she were not an invitee, had a right to assume that the defendant would so maintain it. (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86, 93. Restatement of the Law of Torts [Negligence] ch. 13, § 367.)

The judgment should be reversed on the law and facts and a new trial should be granted with costs to the appellant to abide the event.

All concur, except TAYLOR, J., who dissents and votes for affirmance on the ground that no negligence on the part of the defendant was shown. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.