Per Curiam.

The action was submitted to the jury upon the theory that the injured plaintiff was either a trespasser or a bare licensee, and if the latter, that she could recover provided that they found appellant chargeable with affirmative negligence in placing a large stone block in an alleyway leased to appellant for use in connection with its bus terminal. This stone was used for blocking the wheels of buses on a grade. Plaintiff stumbled over it and fell while walking through this alleyway. In Barry v. New York Central & Hudson Riv. R. R. Co. (92 N. Y. 289, 292-293), followed in Byrne v. New York Central & Hudson Riv. R. R. Co. (104 N. Y. 362), and Carbone v. Mackchil Realty Corp. (296 N. Y. 154), in an opinion per Andbews, J., the Court of Appeals referred to Hounsell v. Smyth (97 Eng. Com. Law 731), *568 as follows: “ The plaintiff there availed himself of the license to use the premises in their existing condition, and accepted it with its attendant perils. The defendant did no affirmative act at the time by which existing conditions were changed and new perils created.” Although the instant case might fall within that category, were plaintiff a bare licensee, we think that it is not necessary to decide that question inasmuch as plaintiff was an invitee. The charge to the jury was therefore favorable to defendant-appellant, and the judgment entered upon "the verdict of the jury in favor of plaintiff should not be disturbed.
That plaintiff was an invitee or business guest, rather than a bare licensee, is established by the provisions of the lease under which appellant had possession of this alleyway connecting Jerome and Inwood Avenues in the borough of the Bronx. The lessor appears to have been interested in promoting the value of the demised premises or of other real property in the locality, inasmuch as, paragraph 6 of the lease provided: “ In consideration of the reduced rental required to be paid under this lease and of all the other terms and conditions herein, the lessee agrees to do everything in his power in order to induce a maximum flow of travel through the terminal with a view to influencing trade and increasing the business that may be done in the store premises and concessions bordering upon as well as those leading into the terminal and the various arcades, alleys and passageways leading to and from same and more particularly as same shall affect local traffic and local residents, using local and/or neighborhood buses.” A wayfarer under similar circumstances has been held to be an invitee (Baker v. Seneca, 265 App. Div. 41), although not a customer or potential customer of defendant. Although in the case cited there were more stores or concessions than were present here, pedestrians used this alley to reach stores and a luncheonette nearby, aside from a public telephone, automatic vending machine and penny arcade- in the terminal building proper. The lease evidences an intent on the part of the landlord to encourage the public to use this alleyway in order to create or improve a rental market for stores and concessions, which was one of the obligations undertaken by appellant when it rented the premises.
The judgment appealed from should be affirmed, with costs.
Glenn on, Van Voobhis and Shientag, JJ., concur; Peck, P. J. and Dobs, J., concur in result.
Judgment unanimously affirmed, with costs. [See 278 App. Div. 568.]