In an action by plaintiff wife to recover damages for personal injuries, and by her husband for expenses and loss of services, the complaint was dismissed at the *1144 close of plaintiffs’ ease. Judgment reversed on the law and a new trial granted, with costs to appellants to abide the event. Plaintiff wife, while entering defendant’s apartment house, slipped and fell in the vestibule at a place between the saddle of the front entrance door and a rubber mat. The floor of the vestibule was terrazzo, which to defendant’s knowledge was slippery when wet. On the day of the accident the portion of the terrazzo floor where plaintiff wife fell was wet because of rain tracked in from the outside. Plaintiff wife opened the outside entrance door (which opened inwardly) and fell immediately inside the door. The wet floor was not discernible as she entered. There was proof from which the jury could find that there was an excess amount of water, which had existed for at least an hour before the accident and that defendant’s employees had not complied with defendant’s directions to pull the rubber mat (normally lying some distance from the front door) up to the saddle of the entrance door whenever it rained, and to place a rubber runner under that mat to the front of the elevator. Under all .these circumstances, there was made out a prima facie case of defendant’s negligence and plaintiff wife’s freedom from contributory negligence, and the complaint should not have been dismissed. (Goldman v. American "Woman’s Realty Go., 287 N. Y. 790; Gluck v. Sunapee Realty Corp., 257 App. Div. 658; Lyons v. Lich, 145 Ore. 606.) Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.