ELLEN HILL, Appellant, v. HOTEL PIERRE CORP., Respondent.—

Concur — Stevens, J. P., Steuer and Rabin, JJ.; Eager and McNally, JJ., dissent in the following memorandum by McNally, J.: On October 22, 1960, at about 11:30 P.M., plaintiff, then 69, exiting through a revolving door leading into Fifth Avenue, caught the heel of her shoe in a perforated metal and rubber mat, and was forcibly precipitated to the sidewalk, sustaining serious and permanent injuries. The jury trial was limited to the issue of liability. The mat was about an inch thick, immediately in front of the revolving door, bore the name of and was placed there by defendant. The occurrence is conceded. Defendant rested at the close of plaintiff's case. Plaintiff's proof included testimony of an expert that it is customary practice and usage not to place a perforated grill-type mat in front of the revolving door of public buildings. The court unanimously concludes it was error in the circumstances to charge that plaintiff was required to establish actual or constructive notice of the condition. The majority, however, hold there is no evidence of negligence and that the expert's testimony is of no probative force on the issue of liability, hence the charge was erroneous but not prejudicial since the complaint should have been dismissed. I disagree. The charge in this respect was originally as follows: "Notice to the defendant may be either actual or constructive. Actual notice is not claimed in this case. Constructive notices exists when the dangerous defective condition had existed for such length of time that the agents of the defendant charged with the duty of keeping the exits in good condition would have known of the existence of this dangerous condition if they had exercised reasonable care in discharging their duty. Proof of notice or lack of it is vital to the determination of this case." The substance of this charge was reiterated in the following language: "I think what you really wanted from me is now in summary, if you find first that the condition was dangerous and defective, second that the defendant had constructive notice of such condition, third that such condition was the cause of the accident, and fourth that the plaintiff was not negligent in respect which contributed to her fall even in the slightest degree, then and only then may you find for the palintiff. If your answer is in the negative to anyone of these conditions then your verdict must be in favor of the defendant. "Does that answer your questions? The Foreman: Thank you, sir. The Court: You may retire." Plaintiff took exception to that further charge in the following manner: "May I state it is the plaintiff's claim in this case that it is not a question of notice but that this condition was actually created by the Hotel Pierre, and that a question of notice is not present here. The Court: That is your sole exception?" Plaintiff's proof established an issue as to liability. The revolving door leads to the sidewalk. Its floor is on the same level as the sidewalk. Defendant interposed a one-inch elevation, consisting of a loose mat, between the revolving door and the sidewalk. The perfora-

1106

tions of the mat were large enough to catch and engage the heel of plaintiff's medium-size lady's shoe so firmly as to remove it from plaintiff's foot as she fell. There is no evidence that the mat was required or necessary because of weather conditions. Apart from the testimony of the expert, the proof presented an issue on liability. (*Gitlin* v. *David Storch, Inc.*, 262 N. Y. 553; *Hill* v. *Morris White Props. Corp.*, 284 N. Y. 656; *Mayer* v. *Temple Props.*, 307 N. Y. 559, 565; *Mayer* v. *Cramer*, 239 App. Div. 408; *Gluck* v. *Sunapee Realty Corp.*, 257 App. Div. 658; *Baker* v. *Seneca Hotel Corp*, 265 App. Div. 41.) Indisputably, there are matters within the ken of laymen not within the ambit of expert testimony. Whether enough has been adduced to create an issue on liability is not within the scope of expert testimony. However, here plaintiff seeks to rely on a standard of care established by custom and usage. Proof of custom and usage is clearly within the scope of expert testimony. (*Shannahan* v. *Empire Eng. Corp.*, 204 N. Y. 543, 550; *Garthe* v. *Ruppert*, 264 N. Y. 290, 296; *Levine* v. *Blaine Co.*, 273 N. Y. 386, 389; *Regan* v. *Eight Twenty Fifth Corp.*, 287 N. Y. 179; *Meyer* v. *West End Equities*, 13 A D 2d 938, revd. 12 N Y 2d 698; *Berman* v. *H. J. Enterprises*, 13 A D 2d 199, 201, 202; *Reisner* v. *New York Kosher Provisions*, 25 A D 2d 511.) It is for the jury under appropriate instructions to decide the effect of the expert evidence. (See *Walls* v. *Bailey*, 49 N. Y. 464. The judgment should be reversed by reason of the error aforesaid and a new trial directed.